PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 30 2023

CLERK, U.S. DISTRICT COURT
By _____
     Deputy

Michael Aaron Meares  221922
Plaintiff's Name and ID Number

Lubbock County Detention Center
Place of Confinement

5-23CV-199-C

CASE NO. _____
(Clerk will assign the number)

v.

Kelly Rowe, Sheriff  3502 N. Holly Ave Lubbock TX 79403
Defendant's Name and Address

Lubbock County Detention Center  3502 N. Holly Ave Lubbock TX 79403
Defendant's Name and Address

Charles Blevins, 1005 Broadway Street, Lubbock TX 79401
Defendant's Name and Address
( DO NOT USE "ET AL.")

INSTRUCTIONS - READ CAREFULLY

NOTICE:

Your complaint is subject to dismissal unless it conforms to these instructions and this form.

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

FILING FEE AND *IN FORMA PAUPERIS* (IFP)

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of $400.00.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

CHANGE OF ADDRESS

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:
   A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___ YES ✓ NO
   B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)
      1. Approximate date of filing lawsuit:_____
      2. Parties to previous lawsuit:
         Plaintiff(s)_____
         Defendant(s)_____
      3. Court: (If federal, name the district; if state, name the county.)_____
      4. Cause number:_____
      5. Name of judge to whom case was assigned:_____
      6. Disposition: (Was the case dismissed, appealed, still pending?)_____
      7. Approximate date of disposition:_____

2

II. PLACE OF PRESENT CONFINEMENT: Lubbock County Detention Center

III. EXHAUSTION OF GRIEVANCE PROCEDURES:
Have you exhausted all steps of the institutional grievance procedure?   ✓ YES ___ NO
Attach a copy of your final step of the grievance procedure with the response supplied by the institution.
✱ Can not get a copy. It is done eletronically.

IV. PARTIES TO THIS SUIT:
A. Name and address of plaintiff: Michael Awon Meares 3502 N. Holly Ave Lubbock, TX 79403

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Kelly Rowe, Sheriff, Lubbock County 3502 N. Holly Ave Lubbock Texas 79403
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
access to the courts being denied, U.S. Constitutional rights being violated (V, VI, XIV)

Defendant #2: Charlis Blevins, Court appointed Attorney 1005 Broadway Street, Lubbock Texas 79401
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Provided no counsel for over 4 months; Ineffective + non-existent counsel. (Evidence lost + witness die 8/15) violated Constitutional rights (V, VI, XIV); not counsel the 6th amendment guarantees

Defendant #3: 
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #4: 
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #5: 
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

3

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT. Kelly Rowe is the sheriff, who runs LCDC, where my access to the courts are being denied. Only 5 forms are available. 1983, 2241, 1/07 Grievance form (state bar), and in forma pauperis. Also, legal writ envelopes are not available for indigent. Can only access Law Library through a tablet, but have to share the tablet with 70 individuals, maybe 30 minutes daily, not consecutive. When I do request law library access I'm being told to contact my lawyer. My court appointed lawyer, Charles Blevins, has not contacted me at all since being arrested on April 27, 2023. (Over 120 days). When an inmate is provided court appointed counsel, he is not deprived this right, but what about when that counsel is non-existent, ineffective, and fell below an objective standard of reasonableness based on prevailing norms. I can't even access proper state remedy (11.08) to file habeas corpus relief for ineffective assistance of counsel. I'm told per the grievance filed to contact the courts if I need writs and/or my lawyer after telling them my lawyer has not ever contacted me (per sergeant Ponce 8/14) If appointed counsel = access to the courts and my appointed counsel is ineffective, my rights to have access to the courts is ineffective as well.

VI. RELIEF

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Dismissal of all my charges on the grounds of ineffective assistance of counsel and access to the courts being denied. Also, for the courts to reconsider appointed counsel = access to the courts, and for LCI to upgrade law library policies + form availability, to fit proper access to the courts.

VII. GENERAL BACKGROUND INFORMATION: (Allowing one tablet per pod for law library only is a start)

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Michael Meares, Mike Meares, Aaron Meares

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

TDCJ # 2193832, Lubbock County 221922 (current)

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____YES ✓ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.).

1. Court that imposed sanctions (if federal, give the district and division): _____

2. Case number: _____

3. Approximate date sanctions were imposed: _____

4. Have the sanctions been lifted or otherwise satisfied? ____YES ____NO

C. Has any court ever warned or notified you that sanctions could be imposed?   ____ YES  ✓ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): _____
   2. Case number: _____
   3. Approximate date warning was issued: _____

Executed on: __8/28/23__
              DATE

_____
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this __28th__ day of __August__, 20__23__.
            (Day)              (month)         (year)

_____
(Signature of Plaintiff)

WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.

5

Memorandum

The courts have ruled that if you have court appointed counsel, that you have access to the courts. (Bright v state 585 S.W.2d 739). If your appointed counsel is non-existent & Ineffective, that makes your rights to Access the courts non-existent & Ineffective as well. This is why every institution should be adequately equipped with paper access to the courts. The way the courts have it ruled now, basically says each appointed counsel is giving performance that the 6th amendment guarantees, when in fact, this is not true. When I ask for a Writ of Habeas corpus 2254, or 11.08 Im being denied and told to ask My court appointed Lawyer. Charles Bleins, My court appointed Lawyer, has yet to contact me, or Interview me, since my arrest on 4/27/23, over 4 months ago. How can I get the paper access when the avenue given to me is non-existent, and ineffective? Right to counsel is the right to effective legal counsel in a criminal proceeding. Right to counsel is assured by the 6th amendment, which has been incorporated into the Due Process clause of the 14th amendment, so that every criminal defendant who faces a loss of liberty has ACCESS to An attorney who provides EFFECTIVE assistance of counsel. If that ACCESS is INEFFECTIVE, then my rights that the 5th, 6th, and 14th amendments guarantee are INEFFECTIVE as well. If that ACCESS is INEFFECTIVE, then my rights to ACCESS the courts are INEFFECTIVE.

Michael medres 22/922
3502 N ...
Lubbock, TX 79403



INMATE CORRESPONDENCE

RECEIVED
AUG 30 2023
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS



U.S. District Clerk
Texas Northern District Clerk
1205 Texas Ave Rm 209
Lubbock, TX 79401-4091

Legal Mail